**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CYNTHIA PETE,

            Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

            Defendant.

2:13–cv–1726–JCM–VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Cynthia Pete's appeal from Defendant Carolyn W. Colvin's final decision denying Pete's social security benefits. (Compl. (#3) at 2:2–24[1]). Before the court is Pete's motion for reversal and remand (#15). The Commission filed an opposition (#20) and cross motion for affirmance (#19). For the reasons stated below, the court recommends denying Pete's motion to remand and granting the Commissioner's motion for affirmance.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b)

---

[1] Parenthetical citations refer to the court's docket and administrative record.

1

(permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Pete's appeal presents one question: whether the Commissioner erred at step four by identifying Pete's past relevant work experience as a casino floor person rather than a casino change person. (*See* Pl.'s Mot. for Remand (#15) at 4–9). Before addressing this question, the court begins its analysis of Pete's motion by reviewing the law governing the Commissioner's decision at step four.

### I. Step Four & Past Relevant Work Experience

To qualify for benefits under the Social Security Act, a claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical

2

or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

At step four—the only step relevant here—the claimant bears the burden of proving that she cannot perform "past relevant work." *See* 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f). Past relevant work is work the claimant performed within the last fifteen years. 20 C.F.R. § 404.1565(a). When determining whether the claimant can perform past relevant work, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of the work previously performed. *See id*.; *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).

Residual functional capacity is a function-by-function assessment of the claimant's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In laymen's terms, it is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a). Residual functional capacity is comprised of a claimant's physical abilities, mental abilities and other impairments. Id. It is divided into five exertional categories: (1) sedentary, (2) light, (3) medium, (4) heavy, and (5) very heavy. 20 C.F.R. § 404.1567. In determining a claimant's residual functional capacity, the ALJ must weigh all evidence, including the claimant's descriptions of her limitations, medical reports, and the testimony of a vocational expert. *See* 20 C.F.R. § 404.1545(a).

A claimant can return to previous work—and is, therefore, not disabled—if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal

quotation and citation omitted); 20 C.F.R. § 404.1520(f); *see also Berry*, 662 F.3d at 131 ("Generally, a claimant who is physically and mentally capable of performing past relevant work is not disabled, whether or not he could actually obtain employment."). If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform work available in the national economy. 20 C.F.R. § 404.1520(e), (f); *see also Yuckert*, 482 U.S. at 141–142, 144.

## II.     Whether the Commissioner Erred at Step Four

Pete appeals the Commissioner's decision on one ground: she argues that the Commissioner erred at step four because the Commissioner erroneously identified her past relevant work experience as a casino floor person (i.e., floor attendant) rather than a casino change person. (*See* Pl.'s Mot. for Remand (#15) at 4–9). The court disagrees. For the reasons stated below, substantial evidence supports the ALJ's conclusion that Pete's past relevant work experience was a casino floor person.

Pete first argues that the Social Security Regulations identify two sources that may be used to define a claimant's past relevant work: a properly completed vocational report and the claimant's own testimony. (*Id.* at 5:13–15). This is incorrect. When determining whether a claimant can perform past relevant work, the ALJ may rely on a vocational report, the claimant's testimony, the Dictionary of Occupational Titles, and the testimony of a vocational expert. *See* 20 C.F.R. § 404.1560(b)(2) (stating that a vocational expert can be used to determine whether the claimant can perform past relevant work); *see also Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986) (stating that a vocational expert properly testified as to impact of a sit/stand option on available jobs); *see also* SSR 83–12 (recommending that where there is "an unusual limitation of ability to sit and stand," a vocational specialist be consulted "to clarify the implications for the occupational base").

Here, the ALJ considered, *inter alia*, testimony from a vocational expert who identified that Pete's past relevant work experience as a casino floor person, not a casino change person. (*See* Admin. Rec. at 54). The ALJ's reliance on the vocational expert's testimony in determining Pete's past relevant work experience was appropriate. *See* 20 C.F.R. § 404.1560(b)(2); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 9th Cir. 2005).

Next, Pete argues that the Commissioner erred because the ALJ erroneously accepted the vocational expert's testimony, despite Pete's conflicting testimony. (*See* Pl.'s Mot. for Remand (#15) at 5:23–25). During the hearing, the vocational expert identified Pete's past relevant work as a casino floor person whereas Pete identified her past relevant work as a casino change person. (*See* Admin. Rec. at 54, 42). Now, Pete argues that it was legal error for the ALJ to adopt the vocation expert's conclusion rather than Pete's conclusion.

The court disagrees. First, Pete argues that her past work should be classified as a casino change person because she "paid jackpots," pushed a change cart, and made change at the Mardi Gras casino (*see id*. at 42); (Pl.'s Mot. for Remand (#15) at 7:15–16). These duties, Pete asserts, fall within the duties of a casino change person, as defined by the Dictionary of Occupational Titles. (*See* Pl.'s Mot. for Remand (#15) at 6). However, this argument is rebutted by the fact that Pete completed a work history report in which <u>she identified her job title at the Mardi Cras casino as a "casino floor person."</u> (Admin. Rec. at 164). This alone supports the Commissioner's finding that Pete worked as a casino floor person, rather than a change person. *Consolidated Edison Co.*, 305 U.S. at 197.

Additionally, Pete's argument that the Commissioner erred in accepting the vocational expert's testimony is also rebutted by the fact that her testimony is consistent with the Dictionary of Occupational Titles' definition of a casino floor person. Pete testified that she lifted up to ten pounds, helped customers with jackpots, and walked the floor. (Admin. Rec. at 42, 155, 164). Similarly, the

Dictionary of Occupational Titles' definition of casino floor person explains that the floor attendant gives prizes or pays money to winning customers while lifting 10 pounds frequently. *See* DOT, 342.467–014. By contrast, the Dictionary of Occupational Titles explains that the position of change person requires a person to lift 50 pounds, which significantly higher than the amount Pete testified to lifting while working in the casino. (*See* Admin. Rec. at 155).

At step four, the claimant bears the burden of demonstrating that she is unable to perform past relevant work. During the hearing, Pete—who was represented by counsel—did not challenge the vocational expert's conclusion or elicit any testimony that might contradict the vocational expert's testimony. (*See* Admin. Rec. at 54–56). As a result, the record contains evidence that support Pete's position (i.e., her own testimony) as well as the Commissioner's finding (i.e., the vocational expert's testimony, Pete's testimony, and Pete's work history report). It is well settled that it is the ALJ's role to resolve ambiguities and conflicts in the evidence, *Tommaseti*, 533 F.3d at 1041–42, and that if—as here—the record supports more than one interpretation, the court must defer to the Commissioner's finding. *Burch*, 400 F.3d at 679.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Cynthia Pete's motion to remand (#15) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross motion to affirm (#19) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 5th day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE